562 F.2d 1034
 Marshall WINOKUR and Rae Winokur, Abe Brodsky and Celia
Brodsky, and Ethelle Katz and Bertha Katz,
Plaintiffs-Appellants,
v.
BELL FEDERAL SAVINGS AND LOAN ASSOCIATION, Home Federal
Savings and Uptown Federal Savings and Loan
Association of Chicago, Defendants-Appellees.
 No. 75-1469.
 United States Court of Appeals,
Seventh Circuit.
 Oct. 21, 1977.
 
 1
 ON PETITION FOR REHEARING.
 
 
 2
 (Opinion Aug. 2, 1977, 7 Cir. 1977, 560 F.2d 271).
 
 
 3
 Before FAIRCHILD, Chief Circuit Judge, SWYGERT, CUMMINGS, PELL, TONE and WOOD, Circuit Judges, and EAST, District Judge.*
 
 ORDER
 
 4
 On consideration of the petition for rehearing, all the judges on the original panel have voted to deny rehearing.
 
 
 5
 The majority of the judges in regular active service have voted to deny rehearing en banc.
 
 
 6
 Accordingly, IT IS ORDERED that the aforesaid petition for rehearing be, and the same is hereby, DENIED.
 
 
 
 *
 The Honorable William G. East, United States District Court for the District of Oregon, is sitting by designation
 Circuit Judges Sprecher and Bauer did not participate in the consideration of this matter.
 Judge Swygert voted to grant the rehearing en banc and accompanied his vote with the attached statement.
 
 
 I
 am unable to subscribe to a rule which insulates from appellate review a decision denying class certification solely because a defendant tenders a few dollars to a putative class representative. In this case, the district court denied certification of a plaintiff class. Plaintiffs' attempt to obtain interlocutory judicial review of the decision was unsuccessful. The defendants then tendered $12.00 to each of the named plaintiffs and the district court dismissed the suit on grounds that the case was moot. On appeal, this court refused for a second time to review the propriety of the order denying class certification
 The unfortunate consequences of the rule formulated in this decision on future consumer class actions are plain: defendants in such actions are now given the arbitrary power to bar appellate review by simply tendering the damages claimed by the putative class representative. Rather than go to trial and face the potential payment of damages which might be assessed in a class suit, defendants will pay off the named plaintiff or plaintiffs, thereby mooting the entire case. I think justice dictates that the right to judicial review should not be denied under the circumstances.